# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| THOMAS EDWARD LEE, | ) | |
| --- | --- | --- |
| Petitioner | ) | |
| v. | ) | No. 3:16-cv-01509 |
| | ) | (Crim. No. 3:09-cr-00177) |
| UNITED STATES OF AMERICA | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

This case, on remand from the Sixth Circuit, has a lengthy and somewhat tortured procedural history. It began on August 5, 2009, when a two-count Indictment was returned in criminal case 3:09-0177, charging Thomas Edward Lee with being a felon in possession of a Molotov cocktail (Count One) in violation of 18 U.S.C. §§ 922(g)(1) and 924, and with possessing a Motolov cocktail that was not registered to him in the National Firearm Registration Transfer Record (Count Two), in violation of 26 U.S.C. §§ 5841, 5861(d) and 5871. On February 8, 2010, Lee pled guilty to Count One in exchange for the dismissal of Count Two, and a 188 month sentence. Judge Todd J. Campbell accepted the parties' Plea Agreement, and imposed the agreed-upon sentence on May 28, 2010.

Five years later, Johnson v. United States, 135 S.Ct. 2551 (2015) was decided. There, the Supreme Court held that the "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague. Based upon Johnson, Lee filed the instant action on June 23, 2016, seeking to vacate or set aside his sentence pursuant to 28 U.S.C. § 2255 because his sentence had been enhanced by at least one predicate offense that was considered to be a violent felony or crime of violence under the now-unconstitutional residual clause.

At the Government's request, Judge Campbell stayed the case pending the expected *en banc* decision of the Sixth Circuit in United States v. Stitt, No. 14-6158, 2016 WL 1658598 (6th Cir. April 27, 2016). Thereafter, Judge Campbell retired, and the case was randomly reassigned to the undersigned.

On June 28, 2017, the Sixth Circuit overruled its decision in United States v. Nance, 481 F.3d 882 (6th Cir. 2007), abrogated its opinion in United States v. Priddy, 808 F.3d 676 (6th Cir. 2015), and held "that a conviction for Tennessee aggravated burglary is not a violent felony for purposes of the ACCA" because it included burglary of vehicles adapted for overnight accommodation. United States v. Stitt, 860 F.3d 854, 856 (6th Cir. 2017) ("Stitt I"). Because three of the predicate offenses underlying Lee's armed career criminal status were for aggravated burglary under Tennessee law, his Motion to Vacate in this case was granted by Memorandum Opinion and Order (Doc. Nos. 14 & 15) dated September 7, 2017.

On December 15, 2017, the Court held a resentencing hearing in the underlying criminal case, and sentenced him to time served, followed by three years of supervised release. By then, Lee had served almost nine years in prison. Even though the Government agreed that Stitt I was "binding case law in [this] circuit," and that Lee was entitled to relief under its holding, the Government believed that Stitt I "was wrongly decided," and that the Supreme Court might "review the matter soon." (Doc. No. 12 at 2-3). Accordingly, the Government filed a Notice of Appeal from the Memorandum Opinion and Order in this case, as well as a Notice of Appeal of the Amended Judgment in the criminal case.

The case then traveled to the Sixth Circuit but was held in abeyance at the Government's request so that a review of Stitt I could be sought. Certiorari was granted on April 23, 2018. United

States v. Stitt, 138 S.Ct. 1592 (2018). On December 20, 2018, the Supreme Court reversed the Sixth Circuit, and found that Tennessee's aggravated burglary statute fell within the categorical definition of generic burglary as set forth in Taylor v. United States, 495 U.S. 575 (1990). United States v. Stitt, 139 S. Ct. 399, 406 (2018) ("Stitt II"). Because this Court's decision was based upon the Sixth Circuit's *en banc* decision in Stitt I that had been reversed, the case was remanded so that this Court could consider Lee's alternative argument that, because Tennessee burglary requires only entry by an instrument used to attempt to break in, the statute was broader than that contemplated by generic burglary.

Between the time that the Sixth Circuit issued its ruling and its mandate in this case, Brumbach v. United States, 929 F.3d 791 (6th Cir. 2019), was decided. There, the Sixth Circuit stated that, in light of the Supreme Court's reversal of Stitt I, its decision in United States v. Nance, 481 F.3d 882 (6th Cir. 2007), which held that "'Tennessee aggravated burglary represents a generic burglary capable of constituting a violent felony for ACCA purposes'" was "once again the law of this circuit." Brumbach, 929 F.3d at 794 (quoting Nance, 481 F.3d at 888). In so doing, the court in Brumbach summarily dispatched defendant's argument regarding Tennessee's definition of "entry." While defendant argued that the definition was overly-broad because it treated an attempted burglary as a completed burglary, and an attempted burglary does not qualify as a "generic burglary" for purposes of the ACCA enhancement, the Sixth Circuit held that "[e]ven if there [were] merit to [the] arguments concerning Tennessee's definition," it was bound by its prior panel decision in Nance. Id.

With the case now back before this Court, the Government asserts that Lee's arguments regarding Tennessee's "entry" definition are foreclosed by Brumbach. In response, Lee

3

acknowledges that Brumbach rejects his entry argument, but notes that it was decided in the context of a defendant who had raised the argument for the first time on appeal, whereas United States v. Buie, No. 18-6185 (6th Cir. 2020), which was is now pending in the Sixth Circuit, contains the same entry argument raised by the defendant at the district-court level.

Implicit in Lee's response is the suggestion that the Court await a decision in Buie prior to ruling. The Court finds this unnecessary because there is no guarantee that the decision in Buie will be published and therefore controlling. Regardless, the Sixth Circuit in Brumbach specifically held that the entry argument was without merit in light of Nance, a point confirmed in United States v. Crutchfield, 785 F. App'x 321, 324 (6th Cir. 2019). See also United States v. Bawgus, 782 F. App'x 408, 409 (6th Cir. 2019) ("Nance's holding affirming Tennessee aggravated burglary's ACCA-predicate status once again binds [the district court's] hands (and ours) until either the *en banc* court or the Supreme Court says otherwise."); United States v. Bateman, 780 F. App'x 355, 356 (6th Cir. 2019) (holding that court was bound by Brumbach even though defendant argued (as here) that "Tennessee's definition of 'entry' is broader than the ACCA's, such that it considers attempted burglary as completed burglary," and contended "that because an attempted burglary does not qualify as a generic burglary, it does not qualify as a violent felony under the ACCA").

Notwithstanding the foregoing twists and turns, or, perhaps more accurately, because of them, resolution of Lee's Motion to Vacate is now straightforward. Nance was overruled by Stitt I, which was then overruled by Stitt II, making Nance once again the law in the Sixth Circuit. And, pursuant to Brumnbach, Nance's holding that "Tennessee aggravated burglary represents a generic burglary capable of constituting a violent felony for ACCA purposes," 481 F.3d at 888, applies, even considering Tennessee's nuanced definition of entry.

4

Accordingly, Lee's Motion to Vacate, Set Aside or Correct Sentence is **DENIED**, and this Court's Order (Doc. No. 14) and Memorandum Opinion (Doc. Nos. 15) are hereby **VACATED**. By separate Order in the underlying criminal case, the court will reinstate Lee's 188 month sentence. Finally, even though the law as it now stands in the Sixth Circuit is clear that an aggravated burglary under Tennessee law is a crime of violence for purposes of the ACCA, the Court hereby **ISSUES** a certificate of appealability because reasonable "jurists could conclude that the issue[] presented [is] adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 327 (2003), particularly since Brumbach resolved the "entry" issue without any substantive discussion.

The Clerk of the Court shall enter a final judgment in accordance with Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE